## JOHN COOKSEY v. STATE.

No. A-5447. Opinion Filed May 1, 1926.
(245 Pac. 1001.)

Percy Powers, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J. The plaintiff in error, John Cooksey, designated the defendant, was charged with the illegal possession of a still worm, a part of a still used in the manufacturing of whisky. The jury, by a majority verdict, found him guilty as charged, and the court fixed his punishment at the minimum prescribed by the statute—30 days in the county jail and a fine of $50.

Under authority of a search warrant, the sheriff and his deputy found on the premises of the defendant, in his absence, two small copper tubes hidden in some cotton seed in a seed house or granary. Later they found in a dugout two copper wash boilers, in crates, not unpacked, but just as they came from the mail order house. These were not addressed to the defendant, but to one John Mabry. Across the highway, on the premises of another, they found two sacks of sugar in a shed.

When the officers apprised the defendant of what they had found, the defendant and his wife denied ownership of the articles, and said that they were probably the property of Mabry, and placed where they were found by him. It was shown that Mabry had been there with his car twice that day, and that when he learned that the officers had made the seizure he fled, and at the time of the trial his whereabouts was unknown.

The circumstances shown by the state's evidence

raised a grave suspicion against the defendant, but we cannot say that the circumstantial evidence excluded every reasonable hypothesis except that of the defendant's guilt. It seems clear that either John Mabry or the defendant, or possibly both, intended to use this copper tube to make a still, but the circumstances alone are not sufficient to fasten guilt upon the defendant under the established rules as to circumstantial evidence.

The judgment of the trial court is reversed, and the cause remanded.

DOYLE and EDWARDS, JJ., concur.